J-S31018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERMAINE M. JACKSON | : | |
| | : | |
| Appellant | : | No. 620 EDA 2024 |

Appeal from the PCRA Order Entered January 17, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000513-2017


BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:  **FILED DECEMBER 3, 2024**

Jermaine M. Jackson appeals *pro se* from the dismissal of his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He alleges that the court erroneously dismissed the petition as untimely. We affirm.

In 2018, the court sentenced Jackson to an aggregate term of 15 to 30 years' incarceration for possession with intent to deliver a controlled substance, criminal use of a communication facility, dealing in proceeds of unlawful activities, corrupt organizations, and criminal conspiracy.[1] We affirmed the judgment of sentence, and our Supreme Court denied Jackson's petition for allowance of appeal. **See Commonwealth v. Jackson**, No. 347

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 7512(a), 5111(a)(1), 911(b)(1), and 903, respectively.

EDA 2019, 2020 WL 4436293 (Pa.Super. filed August 3, 2020) (unpublished mem.), *appeal denied*, 255 A.3d 1254 (Pa. filed June 2, 2021).

Jackson filed a timely *pro se* PCRA petition in June 2021. The court appointed counsel, who filed a **Finley** letter.[2] The court dismissed the petition, and we affirmed the dismissal. **See Commonwealth v. Jackson**, No. 2707 EDA 2022, 2023 WL 6459295 (Pa.Super. filed October 4, 2023) (unpublished mem.).

Jackson then filed the instant petition on October 23, 2023. He claimed ineffective assistance of trial counsel, alleging counsel did not inform him of a plea deal and convinced him to proceed with a stipulated bench trial. Motion for Post Conviction Collateral Relief *Nunc- Pro- Tunc*, filed 10/23/23, at ¶ 5(A). The PCRA court issued notice of its intent to dismiss the petition without a hearing, pursuant to Rule 907, concluding that it was untimely. **See** Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1), filed 12/11/23, at 1 fn.1 (unpaginated); Pa.R.Crim.P. 907(1). In response, Jackson first filed an "Amendment" to his PCRA petition in which he claimed ineffective assistance of trial and PCRA counsel. Jackson also responded to the court's Rule 907 notice. **See** *Pro Se* Amendment to PCRA Petition, filed 12/15/23; Response to Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907(1), filed 1/3/24. The court dismissed the petition as untimely. **See** Order, filed 1/17/24. This timely appeal followed.

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Jackson raises the following question: "Did the PCRA court err and/or abuse its discretion in denying [Jackson's] PCRA petition as facially untimely, when the PCRA petition in question was in fact an extension of the first timely filed PCRA petition and that the claim that PCRA counsel provided ineffective assistance was raised at the first opportunity[?]" Jackson's Br. at 4 (unnecessary capitalization omitted).

When reviewing the denial of a PCRA petition, we determine "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Here, Jackson's petition was untimely, and we therefore do not address the merits of his claim. A petition for PCRA relief must be filed within one year of the judgment of sentence becoming final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). If a petition for PCRA relief is filed beyond the one-year deadline, the petitioner must plead and prove at least one of three time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Any petition raising one of these exceptions must be "filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). Additionally, the time restrictions of the PCRA are jurisdictional. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). As such, neither the PCRA court nor this Court has jurisdiction to entertain an untimely PCRA petition and may not address the merits of claims raised in the petition. *See id.*

Jackson's judgment of sentence became final on August 31, 2021, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* U.S.Sup.Ct.R. 13 (providing 90 days to timely file petition for writ of *certiorari*). The instant petition filed in 2023 is facially untimely and Jackson bore the burden of pleading and proving at least one of the time-bar exceptions.

Jackson did not plead an exception and instead maintains that his second petition should be considered an extension of his first, citing *Commonwealth v. Bradley*. *See* Jackson's Br. at 17 (citing *Bradley*, 261 A.3d 381, 404 (Pa. 2021)). The *Bradley* Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or

acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401. It also stated that a collateral appeal challenging PCRA counsel's effectiveness stems from the original petition and "does not amount to impermissibly allowing a 'second or subsequent' serial petition[.]" *Id.* at 404.

**Bradley** affords Jackson no relief. First, Jackson's PCRA petition claimed ineffective assistance of trial counsel, not PCRA counsel. Though Jackson challenged PCRA counsel's ineffectiveness in his amended petition, the record does not reflect that the court granted leave to amend. **See** Pa.R.Crim.P. 905(A) (stating that court may permit amendment to PCRA petition and should be "freely allowed to achieve substantial justice"); **Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (noting Rule 905 does not permit a petitioner to "simply 'amend' a pending petition with a supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court"). Secondly, **Bradley** addressed an appeal from a timely first PCRA petition. The instant petition is untimely and moreover is Jackson's second PCRA petition.

Jackson's petition is untimely and he failed to plead a time-bar exception. We therefore affirm the order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2024